# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER BIDDLE and PAUL FREINER, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | NO. 22-2074 |
| v. | : | |
| | : | |
| REC BOAT HOLDINGS d/b/a FOUR WINNS, | : | *Electronically Filed* |
| and ANCHOR BOATS, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**THE REPLY BRIEF OF DEFENDANTS, REC BOAT HOLDINGS, LLC d/b/a FOUR WINNS AND ANCHOR BOATS, INC., IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants, Rec Boat Holdings, LLC d/b/a Four Winns (improperly pled as "REC Boat Holdings d/b/a Four Winns") ("RBH") and Anchor Boats, Inc. ("improperly pled as "Anchor Boats") ("Anchor"), submit this Reply Brief in further support of their Motion to Dismiss the First Amended Complaint for Lack of Personal Jurisdiction, Failure to State a Claim, and Improper Venue.

**I.  The Amended Complaint Contains No Facts to Support an Exercise of General or Specific Jurisdiction over RBH or Anchor**

Plaintiffs confuse the concepts of general and specific jurisdiction and attempt to show the existence of both with facts that demonstrate neither. Notwithstanding Plaintiffs scattershot listing of irrelevant facts there is no basis for this Court to exercise jurisdiction over RBH or Anchor.

**A.  Plaintiffs' Reference to "The Boat Shop" is Insufficient to Establish Personal Jurisdiction over RBH**

Plaintiffs' repeated reference to The Boat Shop in Tafton, PA is misplaced as its existence is meaningless with respect to both general and specific jurisdiction. Plaintiffs state:

> RBH has entered into a dealership relationship with a Pennsylvania seller of RBH manufactured boats, specifically The Boat Shop

> located in Tafton, Pennsylvania. Presumably, RBH's dealerships perform repairs on RBH boats under the RBH warranty. This construct between RBH and its authorized dealerships is essentially the same as the relationship between a major automobile manufacturer, such as General Motors, and its local dealerships.

Brief in Opp. at p. 4.

While it is not necessary to overly stray into the substance, it is important to note that The Boat Shop is <u>not</u> an exclusive dealership of RBH products and is, in fact, an independent dealer. *See* Declaration of Brett Little attached hereto as "Exhibit A". The Boat Shop sells many other brands of boats and boating equipment, and offers services that are separate and distinct from its sales of RBH products. *Id.*; *see also* https://www.paboatshop.com/inventories/.

Nevertheless, even assuming that The Boat Shop was an "RBH dealership" (which it is not), Plaintiffs' analogy to a car dealership works against them. Federal law holds that the mere presence of a dealership does not render a manufacturer "at home" in Pennsylvania for purposes of general jurisdiction and is, at most, merely one of a multiple of factors to consider for ***specific*** jurisdiction. *See Pitts v. Ford Motor Co.*, 127 F. Supp. 3d 676 (S.D. Miss. 2015) (holding that the presence of Ford dealerships and the sale of Ford vehicles in the state is alone insufficient to establish general or specific jurisdiction over Ford Motor Company). In *Pitts*, plaintiffs argued that Ford was subject to general jurisdiction in a state where it was qualified and registered to do business, licensed to sell or distribute new automobiles, had contracts with dealers, provided operational guidelines to dealers, purchased and owned dealerships, advertised, and had an agent for service of process. *Pitts*, 127 F. Supp. 3d at 683. The court found that, even assuming the truth of plaintiff's allegations (which were vastly more encompassing than the allegations presented by Plaintiffs herein), such facts were insufficient to establish that Ford was susceptible to general jurisdiction in the state. *Id.* Ford's contacts were only enough to show, at most, that it was "doing

2

business" in the state, but not enough to "reveal activities that are so continuous and systematic as to render Ford at home" in the state. *Id.*, citing *Daimler A.G. v. Bauman*, 134 S. Ct. 746, 760-61 (2014)[1]. To hold Ford accountable in every state where it engaged in business would be "unacceptably grasping." *Pitts* at 683-84. A corporation that "operates in many places can scarcely be deemed at home in all of them. Otherwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States." *Id.* at 684, citing *Daimler*, 134 S. Ct. 746, and *Goodyear Dunlop Tires Ops. v. Brown*, 564 U.S. 915 (2011). Similarly, RBH cannot be "at home" in every state where its products are sold and the mere fact that an independent business sells RBH products is insufficient to establish general jurisdiction.

Likewise, the presence of an independent Pennsylvania dealer does not establish specific jurisdiction. Specific jurisdiction requires that a defendant "purposefully direct its activities" at the forum and that the litigation "arises out of or relates to at least one of those activities." *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 563-65 (3d Cir. 2017), citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). The nexus between defendant and the forum must arise out of contacts the defendant itself creates with the forum, and the plaintiff cannot be the only link between the defendant and the forum. *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum [state] in a meaningful way." *Id.* at 1125.

As stated above, RBH has not purposefully directed its activities at Pennsylvania, nor does this litigation arise from any action by RBH in Pennsylvania. Moreover, facts such as Plaintiffs'

---

[1] *See also*, *Avicolli v. BJ's Wholesale Club, Inc.*, No. 21-1119, 2021 U.S. Dist. LEXIS 112546 at *7 (E.D. Pa. 2021) (A court "may assert general jurisdiction over non-resident corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State.")

place of residence, the current location of the boat, and the state where Plaintiffs experienced issues with the boat are irrelevant to whether RBH conducted activities in Pennsylvania. *See Pitts*, 127 F. Supp. 3d at 686 ("That Ford sells vehicles in Mississippi, without more, is insufficient to find that Plaintiffs' claims 'relate to' such sales … Plaintiffs did not purchase their [vehicle] in Mississippi and there is no evidence that Plaintiffs' injuries otherwise arose out of the sale of a Ford automobile in Mississippi.")  Specific jurisdiction does not exist as to RBH.

> **B.     Plaintiffs Have Alleged No Facts to Support an Exercise of Jurisdiction over Anchor**

Plaintiffs have no support for their claim of jurisdiction over RBH, yet, oddly enough, their argument for jurisdiction over Anchor is even weaker.  Plaintiffs do not aver (nor could they aver) that this Maryland-based marina has any locations, subsidiaries, or agents in Pennsylvania.  Instead, in their argument for personal jurisdiction, Plaintiffs rely solely on their belief that, because Anchor's storefront is located near the Maryland-Pennsylvania state border, Anchor *must have* availed itself to Pennsylvania in such a manner to establish personal jurisdiction because Pennsylvania is (in Plaintiffs' opinion) part of Anchor's "natural customer base."  Not surprisingly, Plaintiffs have proffered no legal or factual support for this "belief."  Like RBH, Anchor has not directed its activities to Pennsylvania in such a way to render it "at home" in Pennsylvania.

Anchor is also not subject to specific jurisdiction for similar reasons as to RBH.  To establish specific jurisdiction, Plaintiffs must show a nexus between Anchor and Pennsylvania that arose out of contacts that Anchor itself created. *See Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). Plaintiffs' conduct, in purchasing a boat from Anchor and transporting that boat into Pennsylvania, is not imputed to Anchor. *See id.* at 1125.  Likewise, Anchor's mere ownership of a business in a

4

state that borders Pennsylvania does not demonstrate that Anchor has contacts with Pennsylvania.[2] *See id.* Accordingly, Anchor cannot be subject to personal jurisdiction in Pennsylvania.

## II. Plaintiffs Proffer No Additional Argument to Demonstrate the Validity of Their Claims

Plaintiffs' opposition contains no new allegations to address the substantive defects with their claims and instead consists solely of language copied and pasted verbatim from the Amended Complaint. *See* Brief in Opp. §§ II – V. Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" alone are insufficient to entitle Plaintiffs to relief. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For the reasons set forth in the moving papers, Plaintiffs have failed to state a claim for which relief may be granted.

## III. Plaintiffs' Threadbare Assertions on Venue are Insufficient to Establish that Venue is Proper in the Eastern District of Pennsylvania

As with their opposition to the 12(b)(6) challenge, Plaintiffs' argument in support of their choice of venue consists largely of copied and pasted sections from their Amended Complaint and begins and ends with two allegations: (1) Plaintiffs registering of their boat in Pennsylvania and (2) Plaintiffs use and storage of their boat in Pennsylvania. *See* Brief in Opp. § VI. Neither of these allegations – both of which occurred after the contract at-issue was negotiated and executed – are sufficient to establish venue in the Eastern District of Pennsylvania.

---

[2] Maryland borders four states (Pennsylvania, Delaware, Virginia, and West Virginia) and the District of Columbia. Under Plaintiffs' logic, Maryland businesses confined to Maryland are subject to jurisdiction in six court systems.

While Plaintiffs solely rely on 28 U.S.C. § 1391(b)(2)[3], they do not assert any facts to establish venue under that provision. This matter arises from an alleged breach of contract and in determining whether "a substantial part of the events or omissions giving rise to the claim occurred in this district, courts consider: where the contract was negotiated or executed, where it was performed, and where breach occurred." *Bro-Tech Corp. v. Purity Water Co. of San Antonio, Inc.*, No. Civ A. 08-371, 2008 WL 1757922 at *2 (E.D. Pa. 2008). Plaintiffs acknowledge that the transaction occurred at Anchor's marina in Maryland. *See* Amend. Compl. at ¶¶ 12-13, Exhs. D, E. Plaintiffs' unilateral post-contract activities do not speak to the elements of their claim or the issue of proper venue. Accordingly, Plaintiffs' First Amended Complaint should be dismissed because venue is improper in the Eastern District of Pennsylvania. Alternatively, to the extent this Court deems it in the interest of justice, RBH and Anchor request that this Court transfer this matter to the United States District Court for the District of Maryland. *See* 28 U.S.C. § 1406(a).

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

BY:     */s/ Geoffrey F. Sasso*
        Geoffrey F. Sasso (PA ID No. 202936)
        Jayme C. Bronson (PA ID No. 325481)
        50 S. 16th Street, Suite 3200
        Philadelphia, PA 19102-2555
        Phone: 215.665.5350

        *Attorneys for Defendants,*
        *Rec Boat Holdings, LLC d/b/a Four Winns*
        *(incorrectly pled as "REC Boat Holdings*
        *d/b/a Four Winns") and Anchor Boats, Inc.*
        *incorrectly pled as "Anchor Boats")*

Dated: August 1, 2022

---

[3] Under 28 U.S.C. § 1391(b)(2), a plaintiff may bring a case in: "a judicial district in which a substantial part of the events or omission giving rise to the claim occurred, or a substantial part of property that is the subject of the dispute is situated."

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, a true and correct copy of the foregoing Reply Brief of Defendants, Rec Boat Holdings, LLC d/b/a Four Winns and Anchor Boats, Inc., in Further Support of Their Motion to Dismiss Plaintiffs' First Amended Complaint was filed via the Court's electronic filing system and served upon the following parties upon acceptance by the Clerk:

Michael Power, Esquire
Power & Associates, P.C.
1709 Wilmington Pike
Glen Mills, PA 19342
*Attorneys for Plaintiffs*

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

BY:    */s/ Geoffrey F. Sasso*
       Geoffrey F. Sasso (PA ID No. 202936)
       Jayme C. Bronson (PA ID No. 325481)
       50 S. 16th Street, Suite 3200
       Philadelphia, PA 19102-2555
       Phone: 215.665.5350

Dated: August 1, 2022

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER BIDDLE and<br>PAUL FREINER,<br><br>Plaintiffs,<br><br>v.<br><br>REC BOAT HOLDINGS d/b/a FOUR WINNS,<br>and ANCHOR BOATS,<br><br>Defendants. | : <br> : <br> : Case No. 2022-01888<br> : <br> : <br> : <br> : *Electronically Filed*<br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## DECLARATION OF BARRETT LITTLE IN SUPPORT
## OF REC BOAT HOLDINGS, LLC'S REPLY BRIEF

I, Barrett Little, hereby declare as follows:

1. I am the Warranty and Technical Services Manager for Rec Boat Holdings, LLC ("RBH"), a limited liability company organized under the laws of Delaware and with its headquarters and principal place of business in Cadillac, Michigan.

2. I am competent to testify to the statements set forth in this declaration.

3. I make this declaration based on my personal knowledge as well as based on a reasonable inquiry and a diligent search of RBH's records.

4. RBH manufactured and sold the boat which is the subject of this action (at wholesale) to Anchor Boats, Inc., an independent marine dealer located in the state of Maryland

5. "The Boat Shop" is the name of an independent boat dealer located in Tafton, Pennsylvania that sells, among other products, Four Winns brand boats..

6. RBH does not control the business or operations of The Boat Shop in any respect and The Boat Shop is exclusively responsible for its own sales, promotions, and services.

I declare under penalty of perjury under the laws of the United States and in accordance with 28 U.S.C. 1746 that the foregoing is true and correct.

Dated: 7-29-2022

By: _____
Barrett Little